Mr. Justice Shepard
delivered the opinion of the Court:'
This is an appeal from a judgment dismissing an action for want of prosecution.
The action was begun on December 9, 1884, by "William A. Meloy to recover of John F. Keenan four hundred dollars for services rendered.
Defendant was promptly served with summons, and on December 16, 1884, entered a plea of denial. Issue was joined on this plea and the cause was suffered to remain on the docket without further proceedings until March 3,1900, when the plaintiff filed a notice, of which service had been accepted the day before by defendant’s attorneys, that the issue joined would be tried at the next term of the court. On the same day the defendant moved to dismiss the action because of the plaintiff’s failure to prosecute and to enter continuances.
This was sustained and from the judgment thereon plaintiff has appealed.
Notwithstanding the fact that when this suit was begun, and for many years thereafter, the docket of the Supreme Court of the District was overcrowded, and it was difficult to force the trial of a case, sometimes for years, the plaintiff has been guilty of great laches. But it does not follow that he can be punished therefor by the dismissal of his suit *237 after he has awakened to the propriety of bringing it to trial. The case, as presented, is quite different from that of Parsons v. Hill, 15 App. D. C. 532, which has been relied on in support of the judgment. That suit had been instituted November 2,1896, and the summons had been returned not executed. There was no entry of continuance from term to term, and no issue of alias process until October, 1898. The judgment dismissing that case upon the facts shown on the record was reversed. In reversing, however, it was said by Mr. Justice Morris, who delivered the opinion of the court: “Due diligence in such prosecution is an essential requirement on the part of the plaintiff. If that due diligence is wanting effect should be given to the rule of law that works a discontinuance of the suit. But under the code of procedure of the Supreme Court of the District that question of due diligence is a question of fact to be shown to the court by proper proof.”
In the case at bar, no advantage was taken of the defendant by withholding summons. He was promptly and regularly served with the summons, and seasonably filed his plea upon which issue was afterwards joined. The cause was ready for trial. It was no longer under the control of the plaintiff. The defendant had it in his power to prevent unnecessary or unusual delay. By the use of ordinary diligence he could have forced the case to call for trial and its dismissal upon default of the plaintiff.
Having been as indifferent as the plaintiff in respect of further proceedings he is in no situation to complain of his neglect.
There is no statute, or rule of court having the force of a statute, requiring a cause to be brought to trial within a given period, under penalty of forfeiture of the right of further prosecution. As the case was actually depending between the original parties at the time the notice of trial was given, and there had been no previous objection by the *238 defendant to the delay, it was the plaintiff’s right to have a trial notwithstanding his former delay, and it was error to sustain the defendant’s belated motion.
The judgment will be reversed with costs, and the cause remanded for trial in due course. Reversed.